UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN JOSEPH VAILETTE III,

                Plaintiff,

-against-

P.A. SIXTOS RIOS, SORAYA ROSA, MLP, and
LT. GUIMOND,

                Defendants.
------------------------------------------------------------------X
JOHN JOSEPH VAILETTE III,

                Plaintiff,

-against-

UNITED STATES OF AMERICA,

                Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-3610 (NGG) (RLM)**

**MEMORANDUM & ORDER**

**15-CV-4378 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

This Memorandum and Order concerns the scope of two related actions filed by pro se Plaintiff John Joseph Vailette III, a federal prisoner currently incarcerated at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island. In both actions, Plaintiff brings claims related to injuries he sustained in 2009 while incarcerated at the Metropolitan Detention Center ("MDC"), in Brooklyn, New York.

I.    BACKGROUND

    A.    Plaintiff's First-Filed Action[1]

On July 20, 2011, Plaintiff's Complaint in the first action, No. 11-CV-3610 (NGG) (RLM) (hereinafter, the "2011 Action"), was transferred to this court from the Southern District

---

[1] The Clerk of Court is respectfully directed to amend the caption in No. 11-CV-3610 (NGG) (RLM) as set forth above.

1

of New York. (See Compl. ("2011 Compl.") (Dkt. 1)[2]; Transfer Order (Dkt. 3).) In the Complaint, Plaintiff alleged that he received inadequate medical care during his prior incarceration at the MDC. (See generally 2011 Compl.) Plaintiff subsequently moved to proceed in forma pauperis ("IFP") (Mot. for Leave to Proceed IFP (Dkt. 5)), and for the appointment of counsel (Ltr.-Mot. to Appoint Counsel (Dkt. 6); Mot. to Appoint Counsel (Dkt. 7)). Reviewing the Complaint sua sponte, the court deferred resolution of the motions to proceed IFP and for the appointment of counsel, and instead granted Plaintiff leave to amend his 2011 Complaint. (See Oct. 13, 2011, Mem. & Order (Dkt. 8).)

In the court's decision, it liberally construed Plaintiff's 2011 Complaint to raise a claim against the United States under the Federal Tort Claims Act ("FTCA"), and claims against the individual defendants for deliberate indifference to his medical condition, in violation of the Eighth Amendment, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). With respect to Plaintiff's FTCA claim, the court explained that the United States is the only proper defendant (and not the individual defendants or the Bureau of Prisons ("BOP")), and advised Plaintiff to show FTCA exhaustion by attaching to the anticipated amendment his grievance to the BOP's regional office; the court further advised Plaintiff that he must allege facts sufficient to show that at least one government employee was negligent or committed medical malpractice. (Id. at 8-9.) With respect to Plaintiff's Bivens claim of deliberate indifference, the court advised Plaintiff that he must allege facts sufficient to show that the deprivation of medical treatment was "sufficiently serious" to state an Eighth Amendment claim, and that at least one government employee was "deliberately indifferent" to his medical needs; in addition, the court advised Plaintiff that he must allege personal involvement of each individual against whom he sought to bring a Bivens claim. (Id. at 9.)

---

[2] All docket citations in this subsection refer to the docket in the 2011 Action.

2

Plaintiff responded to the court's decision by letter, in which he provided additional factual allegations about his claims; the court construed his letter as an Amended Complaint. (See Am. Compl. ("2011 Am. Compl.") (Dkt. 10).) In light of the totality of the allegations made in the 2011 Complaint and the 2011 Amended Complaint, the court granted Plaintiff's motion to proceed IFP, but denied his request for the appointment of counsel. (See Dec. 29, 2011, Mem. & Order (Dkt. 11).) Although the 2011 Amended Complaint made allegations related to individual defendants other than Warden Lindsay and Physician Assistant ("P.A.") Rios (the only two individual defendants named in the original Complaint), the court did not, at that time, construe the 2011 Amended Complaint as requesting the addition of any other named individual defendants. The Clerk of Court thereafter issued a single summons, and appended to the summons a list of individual defendants to be served at the MDC: Warden Lindsay, Mr. Rios, and Ms. Rios.[3] (Summons (Dkt. 12).) The summons was returned and docketed as to P.A. Rios. (Process Receipt and Return (Dkt. 13).) The United States Attorney subsequently appeared on behalf of P.A. Rios, but not any other defendant, including Warden Lindsay. (See Not. of Appearance (Dkt. 16).)

The court granted leave to P.A. Rios to file a motion to dismiss. (See May 11, 2012, Scheduling Order.) P.A. Rios filed his motion on June 14, 2012. (See Mem. of Law in Supp. of Def. Sixtos Rios' Mot. to Dismiss (Dkt. 20).) Although he was granted several extensions in time to file an opposition, Plaintiff ultimately did not respond in any substance to P.A. Rios's motion. (See, e.g., Apr. 10, 2014, Order (Dkt. 32).)

On August 18, 2014, the court granted in part and denied in part the motion to dismiss. (See Aug. 18, 2014, Order (Dkt. 34).) With respect to Plaintiff's claim under the FTCA, the

---

[3] Plaintiff included both a Mr. and Ms. Rios in the caption of his original Complaint. Plaintiff later clarified that he intended only to name Mr. Rios. (See 2011 Am. Compl. at 1.)

3

court held that Plaintiff failed to plead FTCA exhaustion, and dismissed his FTCA claim against the United States without prejudice for lack of subject matter jurisdiction. (Id. at 9-10.) With respect to Plaintiff's Bivens claim against P.A. Rios for deliberate indifference, the court denied P.A. Rios's motion to dismiss for failure to plead exhaustion under the Prison Litigation Reform Act ("PLRA"), and declined to treat the motion as one for summary judgment. (See id. at 14-15.) Plaintiff moved to further amend the 2011 Amended Complaint, and included additional BOP paperwork in the proposed amendment; the court denied the motion, holding that the additional allegations could not, as a matter of law, cure any potential PLRA exhaustion issues, as the BOP paperwork post-dated the filing of the original Complaint. (Id. at 16-17.) Finally, the court dismissed without prejudice Plaintiff's claim against Warden Lindsay for failure to serve the summons in a timely manner. (Id. at 18.)

### B. Plaintiff's Second-Filed Action[4]

On July 24, 2015, Plaintiff filed a second action in this court, No. 15-CV-4378 (NGG) (RLM) (hereinafter, the "2015 Action"). (Compl. (Dkt. 1)[5].) On August 21, 2015, Plaintiff filed an Amended Complaint (Am. Compl. ("2015 Am. Compl.") (Dkt. 7)), and filed a motion to proceed IFP (Appl. to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 8)).

The 2015 Amended Complaint in the 2015 Action is largely duplicative of the allegations made in the 2011 Complaint and 2011 Amended Complaint in the 2011 Action. However, it also appears that Plaintiff's 2015 Amended Complaint attempts to address the court's dismissal of the FTCA claim in the 2011 Action for failure to plead FTCA exhaustion by attaching a Standard

---

[4] The Clerk of Court is respectfully directed to amend the caption in No. 15-CV-4378 (NGG) (RLM) as set forth above.

[5] All docket citations in this subsection refer to the docket in the 2015 Action.

4

Form 95, dated July 15, 2012, and signed by Plaintiff, describing the basis of Plaintiff's FTCA claim against the United States. (See 2015 Am. Compl. at ECF pages 6-8.)

## II. STANDARD OF REVIEW

In reviewing the 2015 Amended Complaint in the 2015 Action, the court is mindful that Plaintiff is proceeding pro se and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); accord Erickson v. Pardus, 551 U.S. 89, 94 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id.

The court must screen a civil complaint brought by a prisoner against a governmental entity or its agents, and dismiss the complaint or any portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the statute governing a plaintiff's ability to proceed IFP, the court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

### A. FTCA Claim in the 2015 Action

It appears that Plaintiff seeks to bring an FTCA action against the United States in the 2015 Action. The FTCA waives the government's sovereign immunity in limited circumstances by authorizing suits against the United States to recover for torts committed by federal employees within the scope of their employment. See 28 U.S.C. §§ 2671 et seq.; Millares Guiraldes de Tineo v. United States, 137 F.3d 715, 719 (2d Cir. 1998). As the court previously explained in the 2011 Action, a plaintiff bringing an FTCA claim must exhaust his administrative remedies before bringing suit; in addition, the claim is only actionable against the United States, and not individual defendants or federal agencies, such as the BOP. (See Aug. 14, 2014, Order (Dkt. 34 in 2011 Action) at 8-10.)

Here, Plaintiff names the United States as a defendant, and he has attached to his 2015 Amended Complaint what appears to be an administrative claim previously filed with the BOP. (See 2015 Am. Compl. at ECF pages 6-8.) Plaintiff further alleges that the administrative tort claim was denied (see id. at ECF page 2), although he does not provide the date of the denial or a copy of the final agency decision. Based on these allegations, and bearing in mind the court's previous decisions in the 2011 Action, which construed Plaintiff's pleadings in that action to raise an FTCA claim but dismissed the claim without prejudice, the court grants Plaintiff leave to proceed IFP with respect to the FTCA claim against the United States in the 2015 Action. To the extent Plaintiff asserts an FTCA claim in the 2015 Action against the BOP or any individual defendants, those claims are dismissed.

The Clerk of Court is respectfully directed to issue a summons in the 2015 Action naming the United States as a defendant, and the United States Marshals Service is directed to

6

serve the summons, the 2015 Amended Complaint, and a copy of this Memorandum and Order upon the United States without prepayment of fees.

### B. Individual Defendants in Both Actions

Plaintiff cannot proceed IFP with respect to his claims in the 2015 Action against any individual defendants. However, the court recognizes that Plaintiff attempted to name certain of the individual defendants named in the 2015 Action in the 2011 Action, but these additional defendants—first named in the 2011 Amended Complaint—were never added as defendants in that action, and were never served. Accordingly, for the reasons discussed below, the Clerk of Court is respectfully directed to add two additional defendants to the 2011 Action, and to issue summonses for the new defendants.

#### 1. Warden Lindsay and P.A. Rios

To the extent Plaintiff seeks to raise claims against Warden Lindsay and P.A Rios in the 2015 Action, that portion of the 2015 Amended Complaint is dismissed as duplicative of the claims asserted in the 2011 Action. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). Accordingly, the Second Circuit has held that "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." Id. at 139.

Here, the court previously held in the 2011 Action that Plaintiff may proceed with his Bivens claim against P.A. Rios. In addition, the court previously dismissed Plaintiff's Bivens claim against Warden Lindsay for failure to serve.[6] Accordingly, the claims asserted against

---

[6] The court previously dismissed Warden Lindsay from the 2011 Action without prejudice due to Plaintiff's failure timely to serve Warden Lindsay. (See Aug. 14, 2014, Order at 17-18 (citing Fed. R. Civ. P. 4(m)).) The court now clarifies that, in addition to the failure to serve, in both the 2011 Action and the 2015 Action (including the 2011 Amended Complaint that Plaintiff submitted in response to the court's inquiries in the 2011 Action), Plaintiff failed

7

these two defendants in the 2015 Action are duplicative of Plaintiff's claims in the 2011 Action, and are dismissed.

2. Additional Individual Defendants

In the 2015 Action, Plaintiff also names the following individual defendants in the 2015 Amended Complaint: (1) Rosa Sorroya MLP ("Rosa"), (2) Lt. Guimond, and (3) Officer Perry. For the reasons discussed below, Plaintiff cannot proceed IFP against these defendants in the 2015 Action, but he can proceed IFP against Rosa and Lt. Guimond in the 2011 Action, in addition to his pending claim against P.A. Rios.

a. Rosa

In the 2015 Amended Complaint, Plaintiff does not include any specific allegations pertaining to Rosa. In the 2011 Amended Complaint, in response to the court's inquiry, Plaintiff alleged the following: "[W]ho told Mr[.] Vailette 'not to worry about it' and 'the swelling in his leg would go down just go lay down' Soroya Rosa – MLP in which her name just was verified by medical records. [S]o please add." The court included this allegation in the recitation of Plaintiff's allegations in its August 14, 2014, Order in the 2011 Action, but Rosa was not added as a defendant.[7] (See Aug. 14, 2014, Order at 2.)

Upon a re-examination of the 2011 Amended Complaint, the court construes it as raising a Bivens action against Rosa (the same claim that is currently pending as against P.A. Rios), and

---

adequately to allege Warden Lindsay's personal involvement in the purported Eighth Amendment violation. (See Oct. 13, 2011, Mem. & Order at 8, 9.) The only allegation pertaining to Warden Lindsay in any of Plaintiff's pleadings appears to relate to Plaintiff's attempt to exhaust his administrative remedies under the PLRA. Plaintiff does not allege that Warden Lindsay was involved in the underlying Eighth Amendment violation in any way. Accordingly, the court does not re-visit its prior decision to dismiss Warden Lindsay from the 2011 Action.

[7] In the 2011 Action, Plaintiff referred to Rosa as "Soroya Rosa - MLP." (2011 Am. Compl. at 1.) In the 2015 Action, Plaintiff refers to Rosa as "Rosa Sorroya MLP." The court construes Plaintiff's various pleadings across the two actions to refer to the same person, and refers to him/her as "Rosa."

requesting that Rosa be added as a defendant.[8] Although it is not ideal to issue summons and add a new defendant in the 2011 Action so many years after its initiation, and over one year after the court's decision granting in part and denying in part P.A. Rios's motion to dismiss, the court finds that it is in the interests of justice to allow Plaintiff—who is proceeding pro se and IFP—to proceed against Rosa. Assuming service can be effectuated, and that Rosa appears in the 2011 Action, he/she may raise all available defenses.

The Clerk of Court is respectfully directed to issue a summons in the 2011 Action naming Rosa, and the United States Marshals Service is directed to serve the summons, the 2011 Complaint, the 2011 Amended Complaint, and a copy of this Memorandum and Order upon Rosa without prepayment of fees.

        b.     Lt. Guimond

In the 2015 Amended Complaint, Plaintiff does not include any specific allegations pertaining to Lt. Guimond. In the 2011 Complaint, Plaintiff alleged that after he approached Officer Perry about his fever and swelling in his leg, Officer Perry called Lt. Guimond, who came to see Plaintiff, "and informed me medical ignored the officer's request and went home for the night." (2011 Compl. at ECF page 8.) In the 2011 Amended Complaint, in response to the court's inquiry, Plaintiff also alleged that Lt. Guimond was among a group of MDC staff who Plaintiff informed of his medical issues. (2011 Am. Compl. at ECF page 2.)

Upon a re-examination of the 2011 Amended Complaint, the court construes it as raising a <u>Bivens</u> action against Lt. Guimond (the same claim that is currently pending as against P.A. Rios in the 2011 Action, and the same claim discussed above with respect to Rosa), and as requesting the addition of Lt. Guimond as a defendant. As with Rosa, the court finds that it is in

---

[8] In the 2015 Amended Complaint, Plaintiff appears to believe that Rosa already is a named defendant in the 2011 Action. (See 2015 Am. Compl. at ECF page 1 (in response to question in form complaint about parties in previous lawsuits filed by Plaintiff, listing Warden Lindsay, P.A. Rios, and "R. Sorroya" as defendants in the 2011 Action).)

9

the interests of justice to allow Plaintiff to proceed against Lt. Guimond. Assuming that service can be effectuated,[9] and that Lt. Guimond appears in the 2011 Action, he/she is free to raise all available defenses.

The Clerk of Court is respectfully directed to issue a summons in the 2011 Action naming Lt. Guimond, and the United States Marshals Service is directed to serve the summons, the 2011 Complaint, the 2011 Amended Complaint, and a copy of this Memorandum and Order upon Lt. Guimond without prepayment of fees.

### c. Officer Perry

In the 2015 Amended Complaint, Plaintiff alleges that at some point after his injury, he informed Officer Perry of his injury, who in turn called medical staff; the medical staff informed Perry to tell Plaintiff to lie down because the hospital staff was leaving for the night. (2015 Am. Compl. at ECF page 7; see also 2011 Compl. at ECF page 8 ("I approach[ed] C/o Perry in the office at 4 North (old building) stating what happened requesting medical attention. He then called medical and their response was to go lay down.").) In the 2011 Amended Complaint, Plaintiff clarified that he did not intend to name Officer Perry as a defendant "because Officer Perry is named as a witness for Mr. Vailette." (2011 Am. Compl. at ECF page 2 (emphasis in original).) Although Plaintiff again listed Officer Perry in the caption of the 2015 Action, it appears that Plaintiff does not intend to bring his Bivens claim against Officer Perry. Accordingly, all claims in the 2015 Action against Officer Perry are dismissed without prejudice, and Officer Perry will not be added as a defendant in the 2011 Action.

---

[9] Plaintiff did not include any additional information about Lt. Guimond, such as first name or badge number.

## IV. CONCLUSION

Accordingly, Plaintiff's motion to proceed IFP in the 2015 Action (Dkt. 8) is GRANTED IN PART and DENIED IN PART. All claims asserted in the 2015 Amended Complaint against the individual defendants (Rosa, P.A. Rios, Lt. Guimond, Officer Perry, and Warden Lindsay) are dismissed as duplicative of the 2011 Action (as modified by this Memorandum and Order). Plaintiff's claim in the 2015 Action against the United States pursuant to the FTCA shall proceed. The Clerk of Court is respectfully directed to issue a summons naming the United States in the 2015 Action, and the United States Marshals Service is directed to serve the summons, the 2015 Amended Complaint, and a copy of this Memorandum and Order upon the United States without prepayment of fees. The 2015 Action is hereby referred to the Honorable Roanne L. Mann, United States Magistrate Judge, for pretrial supervision.

In addition, the Clerk of Court is respectfully directed to issue summonses in the 2011 Action naming Rosa and Lt. Guimond, and the United States Marshals Service is directed to serve the summonses, the 2011 Complaint, the 2011 Amended Complaint, and a copy of this Memorandum and Order upon Rosa and Lt. Guimond without prepayment of fees.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Nicholas G. Garaufis

Dated: Brooklyn, New York
October 2, 2015

NICHOLAS G. GARAUFIS
United States District Judge

11